**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York
(State)

Case number (*If known*): _____ Chapter _____

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | New Cotai Ventures, LLC |
| 2. | **All other names debtor used in the last 8 years**  Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 0 - 4 7 2 9 3 8 5 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| Two Greenwich Plaza, First Floor  Number    Street | _____  Number    Street |
| _____ | P.O. Box |
| Greenwich, CT    06830  City    State    ZIP Code | City    State    ZIP Code |
| Fairfield County  County | **Location of principal assets, if different from principal place of business**  _____  Number    Street  _____  City    State    ZIP Code |

5. **Debtor's website** (URL)    N/A

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify:

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above.

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)[1]
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5 2 3 9

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____ When ____/____/_____ Case number _____
                                      MM / DD / YYYY
              District _____ When ____/____/_____ Case number _____
                                      MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.  Debtor  see attached Annex 1   Relationship  Affiliate Debtor
         District  Southern District of New York   When  Date hereof
         Case number, if known _____                MM / DD / YYYY

---

[1] Debtor is exempt from registration as an Investment Company pursuant to Section 3(c)(7) of the Investment Company Act of 1940.

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 2

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** *(Check all that apply.)*<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>    Number    Street<br>_____<br>City    State    ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>    Contact name _____<br>    Phone _____ |

### Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☒ 1-49     ☐ 1,000-5,000     ☐ 25,001-50,000<br>☐ 50-99     ☐ 5,001-10,000     ☐ 50,001-100,000<br>☐ 100-199     ☐ 10,001-25,000     ☐ More than 100,000<br>☐ 200-999 |

Debtor  19-22910    Doc 1    Filed 05/01/19    Entered 05/01/19 17:17:46    Main Document    Pg
      New Cotar Ventures, LLC                                                      4 of 20        Case number *(if known)*
      Name

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million[2]
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/01/2019
             MM / DD / YYYY

✗ */s/ David Reganato*                          David Reganato
Signature of authorized representative of debtor        Printed name

Title  Authorized Signatory

**18. Signature of attorney**

✗ */s/ Jay M. Goffman*                  Date  05/01/2019
Signature of attorney for debtor                          MM / DD / YYYY

Jay M. Goffman
Printed name

Skadden, Arps, Slate, Meagher & Flom LLP
Firm name

Four Times Square
Number    Street

New York           NY           10036
City                         State          Zip Code

(212) 735-3000                        jay.goffman@skadden.com
Contact phone                               Email address

1911239                                         NY
Bar number                                        State

---

[2] "Estimated assets" amount determined in accordance with U.S. GAAP and does not necessarily represent the amount that may ultimately be realized on account of such assets.

## Annex 1

## SCHEDULE OF DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

|    | **Debtor**              | **Employer Identification Number (EIN)** |
|----|-------------------------|------------------------------------------|
| 1. | New Cotai Ventures, LLC | 20-4729385                               |
| 2. | New Cotai Holdings, LLC | 20-4573056                               |
| 3. | New Cotai, LLC          | 20-4592582                               |
| 4. | New Cotai Capital Corp. | 98-1103641                               |

| **Fill in this information to identify the case:** | |
|---|---|
| Debtor name | New Cotai Holdings, LLC, *et al.* |
| United States Bankruptcy Court for the: | Southern   District of   New York (State) |
| Case number (If known): | |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                    12/15

Set forth below is a list of creditors holding the twenty (20) largest unsecured claims against the Debtors, as of April 29, 2019. This list has been prepared on a consolidated basis, based upon the books and records of the Debtors, and in accordance with Bankruptcy Rule 1007(d), for filing in the Debtors' chapter 11 cases. This list does not include (1) persons who come within the definition of "insider" set forth in section 101 of the Bankruptcy Code, (2) secured creditors, or (3) claims held by the Debtors' employees.

The information presented in the list below shall not constitute an admission of liability by, nor is binding on, the Debtors and the failure to list a claim as contingent, disputed or subject to set off shall not be a waiver of any of the Debtors' rights relating thereto.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1. | Wells Fargo Bank, National Association, as Indenture Trustee to the 10.625% Senior Pay-In-Kind Notes due 2019 | Wells Fargo Bank, National Association 707 Wilshire Boulevard, 17th Floor Los Angeles, CA 90017 Attention: Corporate Trust Department, Barry Somrock Phone: 612-667-8485 Fax: (213) 614-3355 Email: barry.d.somrock@wellsfargo.com | 10.625% Senior Pay-In-Kind Notes due 2019 | | | | $856,000,000 |
| 2. | PricewaterhouseCoopers LLP | PricewaterhouseCoopers LLP P.O. Box 7247-8001, Philadelphia, PA 19170-8001 Attention: Anthony Arrigo Phone: 646-471-0156 Email: anthony.arrigo@pwc.com | Professional Services | | | | $127,500 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 1

Debtor **New Cotai Holdings, LLC, *et al.***     Case Number (*if known*) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 3. | SS&C Technologies, Inc. | SS&C Technologies, Inc.  One South Road, Harrison, NY 10528  Attention: Billing Department  Phone: 914-670-3600  Fax: 914-670-3607  Email: Billing.Citi@sscinc.com | Professional Services | | | | $56,541.13 |
| 4. | Kekst and Company Incorporated | Kekst and Company Incorporated  437 Madison Avenue 37th Floor, New York, NY 10022  Attention: NYC Accounting Department  Phone: 212-521-4800  Fax: 212-521-4900  Email: accounting.nyc@kekstcnc.com | Professional Services | | | | $15,372.23 |
| 5. | Union Gaming Securities LLC | Union Gaming Securities LLC  3930 Howard Hughes Pkwy, Ste 230 Las Vegas, NV 89169  Attention: Mike Glynn  Phone: 702-866-0749  Email: mike.glynn.uniongaming.com | Professional Services | | | | $10,000.00 |
| 6. | Conyers Dill and Pearman - HK | Conyers Dill and Pearman – HK  29th Floor One Exchange Square, 8 Connaught Place, Central, Hong Kong  Attention: David Lamb  Phone: 852-2524-7106  Fax: 852-2845-9268  Email: David.Lamb@conyersdill.com | Professional Services | | | | $7,989.20 |
| 7. | Ropes & Gray, LLP | Ropes & Gray, LLP  800 Boylston Street, Boston, MA, 02199-3600  Attention: P. Welsh  Phone: 617-951-7865  Fax: 617-951-7050  Email: pwelsh@ropesgray.com | Professional Services | | | | $7,427.23 |
| 8. | Wells Fargo Bank | Wells Fargo Bank  WF 8113 P.O. Box 1450, Minneapolis, MN 55485-8113  Attention: Barry Somrock  Phone: 612-667-8485  Email: barry.d.somrock@wellsfargo.com | Professional Services | | | | $7,100.00 |

Official Form 204   **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**   page 2

Debtor **New Cotai Holdings, LLC,** *et al.*_____   Case Number (*if known*) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 9. | Walkers | Walkers<br>190 Elgin Avenue, George Town, Grand Cayman KY1-9001, Cayman Islands<br><br>Attention: Kimberly Ebanks<br>Phone: 345-949-0100<br>Fax: 345-949-7886<br>Email: Kimberley.Ebanks@walkersglobal.com | Professional Services | | | | $6,555.84 |
| 10. | CorpM Limited | CorpM Limited<br>Avenida da Praia Grande, 409, China Law Building, 21/F and 23/F A-B, Macau<br><br>Attention: Rui Pinto Proenca<br>Phone: 853-2833-3332<br>Fax: 853-2833-3331<br>Email: rpp@mdme.com.mo | Professional Services | | | | $6,223.30 |
| 11. | 2NT8 Limited | 2NT8 Limited<br>4/F Wai Lam House, 12 Lan Kwai Fong, Central, Hong Kong<br><br>Attention: Alidad Tash<br>Phone: 852-5196-2211<br>Email: alidad@2nt8.com | Professional Services | | | | $5,000.00 |
| 12. | Intralinks, Inc. | Intralinks, Inc.<br>1372 Broadway, 11th Floor, New York, NY 10018<br><br>Attention: Billing Department<br>Phone: 212-342-7676<br>Email: Billing@Intralinks.com | Trade Debt | | | | $4,500.00 |
| 13. | Richards Kibbe & Orbe LLP | Richards Kibbe & Orbe LLP<br>200 Liberty Street, New York, NY 10281-1003<br><br>Attention: C. Mueller<br>Phone: 212-530-1800<br>Fax: 212-530-1801<br>Email: cmueller@rkollp.com | Professional Services | | | | $3,021.75 |
| 14. | DF King & Co., Inc. | DF King & Co., Inc.<br>48 Wall Street 22 Floor, New York, NY 10005<br><br>Attention: DFK Accounts Receivable<br>Phone: 212-269-5550<br>Email: DFKAccountsReceivable@astfinancial.com | Professional Services | | | | $2,968.78 |

Debtor **New Cotai Holdings, LLC,** *et al.*    Case Number (*if known*) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 15. | Ernst & Young US LLP | Ernst & Young US LLP<br>200 Plaza Drive, Secaucus, NJ 07094<br><br>Attention: Alexander Soures<br>Phone: 212-773-2584<br>Fax: 866-240-5838<br>Email: alexander.soures@ey.com | Professional Services | | | | $2,294.00 |
| 16. | Iron Mountain | Iron Mountain<br>1000 Campus Drive, Collegeville, PA 19426<br><br>Attention: Customer Service<br>Phone: 800-934-3453<br>Email: askcustomerservice@ironmountain.com | Professional Services | | | | $1,030.56 |
| 17. | Hogan Lovells US LLP | Hogan Lovells US LLP<br>Columbia Square 555 Thirteenth Street NW, Washington, DC 20004-1109<br><br>Attention: Bibi Majeed<br>Phone: 202-637-5600<br>Fax: 202-637-5910<br>Email: bibi.majeed@hoganlovells.com | Professional Services | | | | $769.47 |
| 18. | Verizon Wireless | Verizon Wireless<br>P.O. Box 489<br>Newark, NJ 07101-0489<br>Phone: 800-922-0204 | Trade Debt | | | | $61.15 |
| 19. | Vonage Business | Vonage Business<br>P.O. Box 392415<br>Pittsburgh, PA 15252-9415 | Trade Debt | | | | $49.32 |
| 20. | Verizon | Verizon<br>P.O. BOX 15124, Albany, NY 12212-5124<br><br>Attention: Customer Service<br>Phone: 800-897-4966 | Trade Debt | | | | $45.72 |

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Mark A. McDermott
Evan A. Hill
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel to Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **NEW COTAI HOLDINGS, LLC,** *et al.*, | **Case No. 19-[●] ([●])** |
| Debtors.[1] | **(Joint Administration Pending)** |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, New Cotai Holdings, LLC, and certain of its affiliates (collectively, the "**Debtors**," the "**Company**," or "**New Cotai**"), as debtors and debtors in possession in the above-captioned chapter 11 cases, respectfully represent that as of the Petition Date:

1.  None of the Debtors are publicly traded corporations.

2.  SPC Cotai Investment, LLC owns 78% of the membership units in New Cotai Ventures, LLC.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: New Cotai Holdings, LLC (3056); New Cotai, LLC (2582); New Cotai Capital Corp. (3641); New Cotai Ventures, LLC (9385). The Debtors' corporate address is c/o New Cotai, LLC, Two Greenwich Plaza, Greenwich, Connecticut 06830.

2

3. New Cotai Ventures, LLC owns 92.6% of the common units and 98.8% of the class preferred A units in New Cotai Holdings, LLC.

4. New Cotai Holdings, LLC owns 100% of the interests in New Cotai, LLC.

5. New Cotai, LLC owns 100% of the shares in New Cotai Capital Corp.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | New Cotai Holdings, LLC, *et al.* |
| United States Bankruptcy Court for the: | Southern District of New York (State) |
| Case number (If known): | |

☐ Check if this is an amended filing

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration   Consolidated Corporate Ownership Statement   .

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  May 1, 2019            **x**  */s/ David Reganato*
                                         Signature of individual signing on behalf of debtor

                                          David Reganato
                                         Printed name
                                          Authorized Signatory
                                         Position or relationship to debtor

# United States Bankruptcy Court
# Southern District of New York

In re: New Cotai Ventures, LLC  
              Debtor(s)

Case No. _____

Chapter 11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtors' equity security holders which is prepared in accordance with rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure for filing in this Chapter 11 Case.

| Name and last known address or place of business of holder | Number/Percentage of Securities |
|---|---|
| SPC Cotai Investments, LLC<br>Two Greenwich Plaza, First Floor<br>Greenwich, CT 06830 | 78% of membership units |
| OCM Opportunities New Cotai, Ltd.<br>c/o Oaktree Capital Management, LP<br>333 South Grand Avenue, 28th Floor<br>Los Angeles, CA 90071 | 7.3333% of membership units |
| OCM APO New Cotai, Ltd.<br>c/o Oaktree Capital Management, LP<br>333 South Grand Avenue, 28th Floor<br>Los Angeles, CA 90071 | 7.3333% of membership units |
| OCM Opps Macau Holdings, LLC<br>c/o Oaktree Capital Management, LP<br>333 South Grand Avenue, 28th Floor<br>Los Angeles, CA 90071 | 7.3333% of membership units |



# ACTION BY WRITTEN CONSENT

# OF THE BOARD OF MANAGERS

# OF

# NEW COTAI VENTURES, LLC

In accordance with Section 5.3 of the Amended and Restated Operating Agreement (the "Agreement") of New Cotai Ventures, LLC (the "Company"), the undersigned, constituting a majority of the members of the Board of Managers of the Company (the "Board"), do hereby adopt, by this written consent, the resolutions attached hereto as Exhibit A with the same force and effect as if they had been adopted at a duly convened meeting of the Board and direct that this Action by Written Consent be filed with the minutes of the proceedings of the Board.

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the 1st day of May, 2019.

_____
Michael Gatto


/s/ David Reganato
_____
David Reganato


_____
John Brecker

# ACTION BY WRITTEN CONSENT

# OF THE BOARD OF MANAGERS

# OF

# NEW COTAI VENTURES, LLC

In accordance with Section 5.3 of the Amended and Restated Operating Agreement (the "Agreement") of New Cotai Ventures, LLC (the "Company"), the undersigned, constituting a majority of the members of the Board of Managers of the Company (the "Board"), do hereby adopt, by this written consent, the resolutions attached hereto as Exhibit A with the same force and effect as if they had been adopted at a duly convened meeting of the Board and direct that this Action by Written Consent be filed with the minutes of the proceedings of the Board.

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the 1st day of May, 2019.

_____
Michael Gatto

_____
David Reganato

_____
John Brecker

# EXHIBIT A

## RESOLUTIONS OF THE BOARD OF MANAGERS OF
## NEW COTAI VENTURES, LLC

**WHEREAS**, the Board has considered presentations by the representatives of, and the financial and legal advisors to, the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's assets, creditors, and other parties in interest;

**WHEREAS**, the Board has had the opportunity to consult with the Company's representatives, and financial and legal advisors and other professionals, and fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, based on its review of all available alternatives and advice provided by such advisors and professionals, the Board has determined that it is in the best interest of the Company, its direct and indirect controlled subsidiaries, New Cotai Holdings, LLC, a Delaware limited liability company, New Cotai, LLC, a Delaware limited liability company, and New Cotai Capital Corp., a British Virgin Islands company limited by shares (the "Subsidiaries"), and their respective stakeholders, for the Company and its Subsidiaries to take the actions specified in the following resolutions;

### Chapter 11 Filing

**WHEREAS**, the Board has been presented with a proposed voluntary petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code (the "Petition") to be filed by the Company in the United Stated Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought; and

**WHEREAS**, the Board, having considered the Company's assets and financial position and the best course of action to maximize value, deems it advisable and in the best interests of the Company, its creditors, and other interested parties that the Petition be filed by the Company.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board it is desirable and in the best interests of the Company, its Subsidiaries, creditors, stakeholders and other interested parties that the Petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such Petition is authorized hereby; and

**RESOLVED FURTHER**, that the representatives, managers, and officers of the Company, or any one of them (collectively, the "Officers") be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of the Company, to execute and verify the Petitions as well as any other documents, schedules, motions, lists, applications, pleadings, orders and other filings, including any additional petitions or filings that the Company or the Officers determine to execute, verify and file on behalf of any

2

Subsidiary (collectively, the "Chapter 11 Filings") (with such changes therein and additions thereto as any such Officer may determine to be necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Officer with any changes thereto to be conclusive evidence of such determination), to cause the Petitions and the Chapter 11 Filings to be filed with the Bankruptcy Court, and to take and perform any and all further acts and deeds that such Officer deems necessary, appropriate, or desirable in connection with the Bankruptcy Case, including, without limitation, the payment of fees, expenses and taxes such Officer deems necessary, appropriate, or desirable (the taking or performance of any such acts or deeds by any such Officer to be conclusive evidence of such determination).

**Debtor-in-Possession Financing**

**WHEREAS**, that in connection with the Bankruptcy Case, it is desirable and in the best interests of the Company, its creditors, and other parties in interest to enter into a Credit Agreement dated on or about May 1, 2019 (the "DIP Credit Agreement") by and among the Company and the Subsidiaries as borrowers and guarantors (as applicable), Silver Point Finance, LLC, as administrative and collateral agent, and SPCP Group, LLC (the "Initial DIP Lender"), as the initial lender, pursuant to which the Initial DIP Lender has agreed to provide the Company with post-petition debtor-in-possession financing.

**NOW, THEREFORE, BE IT RESOLVED**, that the Company be, and hereby is, authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Credit Agreement, including entering into any additional definitive documentation providing for the borrowing of loans, guaranteeing of obligations, granting of security and the pledging of collateral;

**RESOLVED FURTHER**, that the Officers of the Company be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of the Company, to cause the Company to negotiate, execute and deliver the DIP Credit Agreement and the related documents contemplated thereby, in such form and with such changes or amendments (substantial or otherwise) thereto as any one of more such Officers shall determine to be necessary or desirable, in order to consummate the transactions contemplated by the DIP Credit Agreement (the negotiation, execution and delivery of such documents by any such Officer to be conclusive evidence of such determination); and

**RESOLVED FURTHER**, that the Officers of the Company be, and each of them hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of the Company, to take all such further actions which any such Officer shall determine to be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Credit Agreement and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions (the taking of such actions by any such Officer to be conclusive evidence of such determination).

**Retention of Advisors**

**WHEREAS**, that in connection with the Bankruptcy Case, it is desirable and in the best interests of the Company, its creditors, and other parties in interest for the Company to retain

advisors, including professionals and independent fiduciaries, and to take appropriate action to secure all necessary approvals for the retention and compensation of such advisors in accordance with engagement agreements relating to their respective services.

**NOW, THEREFORE, BE IT RESOLVED**, that the Officers of the Company be, and each of them hereby is, empowered, authorized and directed to continue to retain, on behalf of and in the name of the Company, the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden Arps") as bankruptcy counsel, to render general legal advice and, in the event that the Company files the Petitions, to represent the Company and its Subsidiaries in connection with such proceedings and all other related matters in connection therewith, on such terms as the Officers of the Company, and each of them, may or shall approve and/or have previously approved;

**RESOLVED FURTHER**, that the Officers of the Company be, and each of them hereby is, empowered, authorized and directed to continue to retain, on behalf of and in the name of the Company, (i) Houlihan Lokey Capital, Inc. ("Houlihan") to serve as financial advisor to the Company, and (ii) Prime Clerk LLC ("Prime Clerk") to provide consulting services to the Company and its Subsidiaries regarding noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and any other services agreed to by the parties; and be it further

**RESOLVED FURTHER**, that the Officers of the Company be, and each of them hereby is, empowered, authorized and directed, on behalf of and in the name of the Company, to continue the employment and retention of professionals in the ordinary course as long as they determine to be appropriate and in the Bankruptcy Case to retain and employ other attorneys, accountants, and other professionals to assist in the Company's Bankruptcy Case on such terms as are determined to be necessary, proper, or desirable (the continued employment and retention of such professionals to be conclusive evidence of such determination); and

**RESOLVED FURTHER**, that the Officers of the Company be, and each of them hereby is, authorized and directed to execute any appropriate engagement letters and agreements and such other documents necessary to retain Skadden Arps, Houlihan, Prime Clerk, and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified herein (the "Professionals"), and to cause the Company to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Case or after to the extent appropriate and permitted in the Bankruptcy Case, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals.

**General Resolutions**

**RESOLVED,** that the Officers of the Company be, and each of them hereby is, empowered and authorized, and directed, on behalf of and in the name of the Company, to take, from time to time, any and all such action and to execute and deliver from time to time any and all such agreements, amendments, instruments, requests, receipts, applications, reports, certificates and other documents, and to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers and documents any such Officer shall

determine to be necessary or desirable in connection with the Bankruptcy Case, and to take any and all action any such Officer shall determine to be necessary, proper, or desirable in connection with the Bankruptcy Case, to carry out and perform the purposes of these resolutions, and the execution of such documents and taking of such action shall be conclusive evidence of such determination;

**RESOLVED FURTHER**, that the omission from these Resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in these Resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in these Resolutions shall in no manner derogate from the authority of the Officers of the Company to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, these Resolutions; and

**RESOLVED FURTHER**, that any and all actions lawfully done for and on behalf and in the name of the Company by any Officer or Professional engaged by the Company in connection with the Bankruptcy Case with respect to any transactions contemplated by these Resolutions before or after their adoption be, and they hereby are, ratified, authorized, approved, adopted in good faith and consented to in all respects for all purposes.

1742200.01A-NYCSR03A - MSW